**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER PRUETT, Plaintiff, vs. UNIFI AVIATION, L.L.C., Defendant. | CASE NO.  3:23-cv-00008-LRH-CLB **PROTECTIVE ORDER** |

### I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from disclosure may be warranted under Federal Rule of Civil Procedure 26(c)(1). To promote the exchange of discovery, the Court grants the request that the following proposed Protective Order be approved by this Court= before certain information and documents are produced.  The proposed Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends to only the limited information or items that are entitled under law to treatment as confidential.

**II.     STIPULATION**

### 1. Scope

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material") shall be subject to this protective order concerning confidential information as set forth below. Any party, or any third party who produces documents in this litigation, may designate documents as "Confidential" or "Attorneys' Eyes Only," but only after review of the documents by an attorney who has, in good faith, determined that the documents contain "Confidential Information," as defined below, and pursuant to the procedure set forth below.

### 2. Definition of Confidential Information

As used herein:

a.     "Confidential Information" shall mean all information (regardless of how generated, stored, or maintained), material, tangible things, or testimony that qualify for protection under standards developed under the Federal Rules of Civil Procedure, produced by or disclosed to a Received party by a Producing party that the Producing party or a Designating party reasonably and in good faith considers to be confidential or proprietary information or trade secrets of the Producing party and which has been so designated by the Producing party or Designating party.  Such information, material, tangible things, or testimony may include, but is not limited to, trade secrets, proprietary business information, competitively sensitive information, technical information, customer information, confidential information relating to employees, vendor information, financial information, sales data, business plans and strategies, agreements and communications, or other information the disclosure of which the Producing party or the Designating party reasonably and in good faith considers to be confidential or proprietary information or trade secrets of the Producing party or the disclosure of which would otherwise be detrimental to the conduct of the Producing party's business or the business of any of the Producing party's customers or clients.

Extracts and summaries of Confidential Information shall also be treated as confidential.

The following are examples of information that is <u>not</u> Confidential Information:

    i. published advertising materials;

    ii. any information that is, or, after its disclosure to a Receiving party, becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

    iii. information that the Receiving party can show by written records was already known to it prior to the disclosure, provided that it was either (i) received from the Producing party and was not received under an express or implied obligation of confidentiality to the Producing party, or (ii) received from a source who obtained the information lawfully and under no express or implied obligation of confidentiality to the Producing party;

    iv. any information that the Receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no express or implied obligation of confidentiality to the Producing party; and

    v. any information that the Receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing party's Confidential Information.

    b.    "Attorney Eyes Only Information" shall mean all Confidential Information that, consistent with the terms and conditions below, the Producing party or Designating party reasonably and in good faith considers to be so sensitive that its dissemination deserves further limitation by preventing the disclosure thereof to the Receiving party. As such, Attorney Eyes Only Information shall only be disclosed to the Receiving party's counsel and persons identified in Paragraph II(4)(b) herein below, but shall not be disclosed to the Receiving party. Attorney Eyes Only Information is a subset of Confidential Information, and shall be treated as Confidential Information, except as specifically stated otherwise hereinbelow.

    c.    "Producing party" shall mean any Party to this action or any non-party to this action producing Confidential Information in connection with depositions, document production

or otherwise, or the party asserting the confidentiality privilege, as the case may be.

   d. "Receiving party" shall mean any Party to this action or any non-party to this action receiving Confidential Information in connection with depositions, document production or otherwise in this action.

   e. "Designating party" shall mean any party to the above-captioned action or any Producing party that designated the Confidential Information as "confidential" by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Protective Order, or by other appropriate means.

### 3. Right to Designate Information as Confidential

Subject to the terms of paragraphs II(4) and II(8), any party may act as a Designating party and designate information, material, tangible things, or testimony produced or given by a Producing party in connection with this action that said Designating party reasonably and in good faith considers to be Confidential Information by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Protective Order, or by other appropriate means.

Subject to the terms of Paragraph II(4), Confidential Information that a Producing party or Designating party reasonably and in good faith considers to be Attorney Eyes Only Information shall be designated accordingly by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for

the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Protective Order, or by other appropriate means

### 4. Treatment of Confidential Information

Except with the prior written consent of the Designating party or by order of the Court, Confidential Information shall not be furnished, disclosed, or shown to any person or entity except to:

a. A Party, or officers, directors, employees, and agents of a Party actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder, except that Attorney Eyes Only Information shall not be disclosed to any Party, or personal of any Party;

b. Counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph II(6) hereof;

d. The Court and court personnel, if filed in accordance with Paragraph II(11) hereof;

e. Any independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document, imaging, and database services retained by the Parties, if furnished, shown or disclosed in accordance with Paragraph II(7) hereof;

f. Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraphs II(6), II(7), and II(9), respectively, hereof; and

g. Any other person agreed upon in writing by the Parties.

Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of preparing for, conducting, participating in the conduct of, prosecuting, or defending the above-captioned action and not for any other purposes.

If a Producing party or Designating party determines that information should have been designated as Confidential Information but was not, it shall notify the Receiving party in writing as soon as practicable following such determination. The Receiving party shall then make a reasonably diligent effort to retrieve the Confidential Information and otherwise ensure that persons to whom the Confidential Information was disclosed will treat it as confidential.

Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

### 5. Disagreement Regarding Confidentiality

The Receiving Party may, at any time, notify the Producing party in writing that the Receiving party does not concur in the designation of information, material, tangible things, or testimony as Confidential Information or Attorney Eyes Only Information, and the parties shall attempt to meet and confer to resolve the dispute by mutual agreement. If the dispute is not so resolved, within twenty (20) days of the parties' agreement that the meet and confer process will not resolve their dispute, the contesting party may move the Court for a ruling on the dispute, with the contesting party bearing the burden of proof. If no such motion is filed, such information, material, tangible things, or testimony shall continue to be treated as Confidential Information or, where applicable, Attorney Eyes Only Information. If such motion is filed, the information, material, tangible things, or testimony shall be treated as Confidential Information or, where applicable, Attorney Eyes Only Information, unless and until the Court rules otherwise.

### 6. Disclosure of Confidential Information to Expert Witnesses and Consultants

Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to Paragraph II(4)(c) hereof, counsel for the party disclosing the Confidential

6

Information shall provide a copy of this Protective Order and a copy of the Acknowledgment and Agreement to be Bound by Protective Order attached hereto as Exhibit A (the "Acknowledgment") to the aforementioned expert witness or consultant. Said expert witness or consultant shall execute the Acknowledgment before any Confidential Information is disclosed. Counsel for the party disclosing the Confidential Information shall supply a copy of the Acknowledgment executed by the expert witness or consultant to counsel for the other party at the time of the Disclosure of the Confidential Information.

### 7. Depositions

All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. Subject to the terms of Paragraph II(4), at or before the end of such fifteen-day period, the Producing party or Designating party shall reasonably and in good faith designate any testimony contained in the deposition it considers to be Confidential Information or Attorney Eyes Only Information, if applicable.

This Protective Order shall not preclude counsel for the Parties from using during any deposition in this action any information, material, tangible things, or testimony that has been designated as Confidential Information under the terms hereof. Any court reporter or deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and a copy of the Acknowledgment attached hereto as Exhibit A. Said court reporter or deposition witness shall execute the Acknowledgement before the disclosure of any Confidential Information. Counsel for the party disclosing the Confidential Information shall supply a copy of the Acknowledgement executed by the court reporter or deposition witness to counsel for the other Parties at the time of the disclosure of the Confidential Information.

### 8. Confidential Information Provided by Non-Parties

A Party may act as a Designating party and designate as Confidential Information subject to this Protective Order any information, material, tangible things, or testimony produced

or given by any non-party to this action, or any portion thereof, that the Designating party reasonably and in good faith considers to be Confidential Information by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Protective Order, or by other appropriate means.

In the case of Confidential Information or Attorneys' Eyes Only Information not already so designated when produced or given by any non-party to this action, the Producing party or Designating party shall notify all counsel in writing of the Confidential Information or Attorney Eyes Only Information which said party reasonably and in good faith considers to be Confidential Information or Attorney Eyes Only Information and, therefore is to be treated as such. Subject to the terms of Paragraph II(4), said written notification may be made at any time up to fifteen (15) days after receipt of copies of the aforementioned Confidential Information or Attorney Eyes Only Information provided by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, any designation of Confidential Information or Attorney Eyes Only Information shall be made pursuant to Paragraph II(7).

### 9. Disclosure at Hearing or Trial

Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

### 10. Limitations on Copying

No copies, summaries, or abstracts of Confidential Information shall be made by a Party, or its attorneys, for distribution or use by any person other than those described in Paragraph II(4)

hereof.

### 11. Confidential Information Filed with the Court

The Parties shall follow LR IA 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada and must file documents under seal under the Court's electronic filing procedures.

The Parties recognize the presumption of public access inherent in judicial records and that this Protective Order does not conclusively establish that any document meets the standards for sealing set forth in LR IA 10-5 of the Local Rules of Practice of the U.S. District Court of Nevada and the Ninth Circuit's decisions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). When a motion to seal is related to documents directly relevant to the merits of the case, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. But when motion to seal is related to documents not directly relevant to the merits of the case, a party may overcome this presumption by meeting a less exacting "good cause standard." *Chrysler Group*, 809 F.3d at 1097. To establish good cause, a party must show specific prejudice or harm—such as protecting a party from annoyance, embarrassment, oppression, or undue burden or expense—will result if the motion to seal is denied. *Id.* (quoting Fed. R. Civ. P. 26(c)). Further, the Court should make an independent determination regarding whether documents merits sealed status, and thus expressly reserves the right to do so. *Kamakana,* 447 F.3d at 1186-87.

### 12. Public Information

Pursuant to the terms of Paragraph II(4) hereto, any information, material, tangible things, or testimony which have been designated as Confidential Information and were also legally and properly within the public domain prior to their designation as Confidential Information need not be treated as Confidential Information. However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of this

Protective Order, any contract, or court order, such Confidential Information must still be treated as such under this Protective Order.

### 13. Requests for Confidential Information

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information designated under the terms of this Protective Order, the Party must so notify the Designating party, in writing (by e-mail or fax, if possible) within five (5) court days after receiving the subpoena or order.

If a Party subject to state or federal public records disclosure laws receives a request for disclosure of public records which it reasonably believes may compel disclosure of Confidential Information designated under the terms of this Protective Order, the Party must so notify the Designating party, in writing (by e-email or fax, if possible) within five (5) court days after receiving such request.

### 14. Waiver

The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

Pursuant to the terms of Paragraph II(4), at any time after any information, material, tangible things, or testimony is designated as Confidential Information under this Protective Order, the Designating Party may agree in writing that the Confidential Information may be disclosed to designated persons employed by the Receiving party.

### 15. No Prejudice / Amendment

This Protective Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law. This

Protective Order may be amended by the written agreement of counsel for the Parties.

### 16. Disposition or Termination of Action

This Protective Order shall continue to be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control after the conclusion of this litigation except (a) that there shall be no restriction on documents and information that are used as exhibits in Court (unless such exhibits were filed under seal) or that become a matter of public record; and (b) that a Party may seek written permission of the Designating party or further order of the Court with respect to dissolution or modification of all or any part of this Protective Order. This Court maintains jurisdiction over the Parties and recipients of the Confidential Information for enforcement of the provisions of this Protective Order while this case is proceeding. <u>However, the Court's jurisdiction will terminate upon the dismissal of this action.</u>

Further, after the final termination of this action and unless the Parties agree otherwise, each Party shall:

a. Assemble and make available for return to the Designating party or destroy (and in all cases, not retain) all information, documents, materials, tangible things, summaries, computer records and abstracts containing Confidential Information;

b. Make available for return or destroy (and in all cases, not retain) every portion of other information, documents, materials, tangible things, or memoranda purporting to reproduce or paraphrase Confidential Information;

c. Upon request made in writing by the Designating Party, certify in writing that the procedures set forth above have been completed; and

d. Agree not to disclose the substance of any Confidential Information revealed to it by the Designating party.

### 17. Binding Effect

This Order shall take effect when entered and shall be immediately binding upon the

Parties (as defined herein). It shall also be binding upon subsequent parties that are added to this matter, each of which shall execute **Exhibit A** (Agreement to be bound).

IT IS SO ORDERED.

DATED this 30th day of June, 2023.

_____
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER PRUETT,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIFI AVIATION, L.L.C.,<br><br>    Defendant. | CASE NO.  3:23-cv-00008-LRH-CLB<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I, _____, state that:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

4.   I understand that I am about to receive Confidential Information supplied in connection with the above-captioned action, the case styled as *Christopher Pruett v. Unifi Aviation, L.L.C.,* Case No., 3:23-cv-00008-LRH-CLB.  I understand that the Confidential Information is provided to me subject to the terms and restrictions contained in the Protective Order filed in the above-captioned action.

5.   I have received a copy of the  Protective Order entered in the above-entitled action on the following date: _____.

6.   I have carefully read and understand the provisions of the  Protective Order.

7.   I will comply with all of the provisions of the  Protective Order.

1        8.    I will hold in confidence, and will not disclose to anyone not designated under the Protective Order as permitted to view or receive Confidential Information, and will use only for purposes of the above-captioned litigation, any Confidential Information that is disclosed to me, including any documents or things that I have prepared relating thereto, except as expressly permitted by the Protective Order. I understand that I am to retain all copies of all Confidential Information provided to me concerning the above-captioned action in a secure manner, and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in the above-captioned action.

       9.    Upon termination of my participation in the above-captioned litigation, I will return all Confidential Information that comes into my possession to counsel from whom I received the Confidential Information and any documents or things that I have prepared relating thereto to counsel for the Party by whom I am employed or retained.

      10.   I hereby submit to the jurisdiction of the court in the above-captioned litigation as identified in the Protective Order for the purpose of enforcement of the Protective Order.

DATED: _____

_____
Signature